## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| ASPECTS FURNITURE INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 20-03824 |
| UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

Upon consideration of Plaintiff's Unopposed Motion to Partially Vacate the Court's November 28, 2022 remand order, slip op. 22-132; and upon consideration of other papers and proceedings had herein, it is hereby:

**ORDERED** that Plaintiff's motion be, and hereby, is GRANTED; and it is further

**ORDERED** that the following portions of the Court's November 28, 2022 order, slip op. 22-132, are hereby vacated: (1) the Court's finding that Customs' failure to provide sufficient public summaries of confidential documents on the administrative record as required by 19 C.F.R. § 165.4 was not in accordance with the law; and (2) the Court's remand order to Customs to address and remedy the lack of public summaries of redacted information and to provide Aspects with an opportunity to respond to the information that should have been made available during the administrative proceeding.

**SO ORDERED.**

_____
Jennifer Choe-Groves, Judge

Dated: _____
    New York, NY

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| ASPECTS FURNITURE INTERNATIONAL, INC., ) | |
| Plaintiff, ) | |
| ) | Court No. 20-03824 |
| v. ) | |
| UNITED STATES, ) | |
| Defendant. ) | |

**PLAINTIFF ASPECTS FURNITURE INTERNATIONAL, INC.'S
UNOPPOSED MOTION TO PARTIALLY VACATE THE COURT'S
NOVEMBER 28, 2022 REMAND ORDER**

Pursuant to Rule 54(b) of the Rules of the United States Court of International Trade, plaintiff, Aspects Furniture International Inc. (hereinafter, "Plaintiff" or "Aspects"/"AFI"), respectfully requests the Court to partially vacate its order issued in Aspects Furniture International, Inc. v. United States, slip op. 22-132 (Ct. Int'l Trade, Nov. 28, 2022) (hereinafter, "Remand Order"). Plaintiff has conferred with counsel for defendant United States (hereinafter, "Defendant" or the "Government"), Mr. Douglas Edelschick, Esq., who on December 16, 2022 indicated that Defendant defers to the Court and does not intend to file an opposition to the present motion.

In particular, Plaintiff respectfully requests the Court's permission to withdraw and waive its arguments based on 19 C.F.R. § 165.4 and the lack of public summaries in this case, and further requests that the Court vacate the portion of its decision finding that U.S. Customs and Border Protection's (hereinafter, "CBP" or "Customs") failure to provide AFI with sufficient public summaries of confidential documents on the administrative record associated with its

Enforce and Protect Act (hereinafter, "EAPA") investigation no. 7189 (hereinafter, "Investigation"), as required by 19 C.F.R. § 165.4, was not in accordance with the law.

Following this Court's Remand Order, on December 7, 2022, Plaintiff received a letter from CBP, wherein it was advised that, "[i]n compliance with" the Court's Remand Order, "CBP will be reopening the administrative record for a limited time to allow for submission of revised public versions of certain documents currently on the administrative record of this investigation" (hereinafter, "CBP Letter").  *See* Exhibit 1, CBP Letter at 1.  In furtherance of such "reopening" of the administrative record, CBP requested Plaintiff, as well as its Nantong, China satellite office (hereinafter, "Aspects Nantong"), to re-submit a majority of the public version submissions that they had made before the agency during its Investigation.  *Id.* at 2, Attachment 1.  CBP explained that this request was being brought because CBP has determined that the above-described documents "do not contain public summaries that comply with the requirements of 19 CFR § 165.4(a)(2)."  *Id.* at 2.

After reviewing CBP's Letter, as well as the materials affected by its request for public summaries contained therein,[1] Plaintiff came to the realization that the relative burden of having to comply with CBP's request would greatly outweigh the practical benefits of prevailing on this particular issue.  This realization was bolstered by the fact that, after filing the present action, the lack of public summaries affecting CBP's submissions made at the agency-level had been

---

[1] CBP's request covers hundreds of public version documents (amounting to thousands of pages), which had already been placed on and are currently part of the administrative record associated with its EAPA Investigation (hereinafter, "Original Administrative Record").  Further, such documents had been gathered and submitted by Plaintiff during an investigation that lasted roughly three (3) years, and CBP's request for their re-submission was accompanied by a two-week deadline, which meant that, in order to fully comply with CBP's request, Plaintiff would have to incur significant additional legal costs and expenses for arguably duplicative work.

essentially cured by this Court's entry of a judicial protective order, ECF No. 14 (hereinafter, "JPO"), since Plaintiff's counsel was provided with the entire, unredacted Original Administrative Record, including the CBP submissions affected by Plaintiff's arguments based on 19 C.F.R. § 165.4 and the lack of public summaries in this case.[2]

With this realization in mind, Plaintiff respectfully submits that it would promote judicial economy and it would greatly conserve the resources of both Plaintiff and CBP if, from a practical perspective, no party would have to re-submit their public version submissions during the remand proceedings. In that respect, after conferring with Defendant's counsel, Plaintiff believes that the relief sought through its motion will aide both parties, not only Plaintiff, to avoid inconsequential tasks and instead focus on efficiently conducting the remand proceedings.

Accordingly, while Plaintiff fully respects and welcomes this Court's thorough consideration of all the arguments it has raised before it in this ongoing action, as well as the thoughtful findings made by the Court in its Remand Order, Plaintiff is bringing this motion before the Court because CBP's Letter has made it apparent that Plaintiff's success on its lack of public summaries argument in the underlying court action will bring little or no practical benefit in the ongoing remand proceedings, while the remedy for this will cause Plaintiff to incur a significant burden and expense.

/ / /

---

[2] Plaintiff regrets not having realized, at the time of filing its Motion for Judgement on the Agency Record, that prevailing on the lack of public summaries argument might attract the obligation to re-submit most of its public version submissions, as such submissions had already been reviewed by CBP for compliance with EAPA's regulations during its original Investigation and had been accepted and placed on the Original Administrative Record—some of them after initially being rejected by CBP for failure to comply with 19 C.F.R. § 165.4, in particular, and being re-submitted by Plaintiff after curing such deficiencies identified by CBP at that time.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court vacate the portions of its Remand Order wherein it: (i) found that CBP's failure to provide sufficient public summaries of confidential documents on the administrative record as required by 19 C.F.R. § 165.4 was not in accordance with the law; and (ii) remanded the matter to CBP to address and remedy the lack of public summaries of redacted information and to provide AFI with an opportunity to respond to the information that should have been made available during the administrative proceeding.

                                                Respectfully submitted,

                                                /s/ Robert W. Snyder
                                                ROBERT W. SNYDER
                                                LAURA A. MOYA
                                                Law Offices of Robert W. Snyder
                                                6 Morgan, Suite 114
                                                Irvine, CA 92618
                                                Telephone: (949) 453-8688
                                                E-mail(s): rsnyder@rwsnyderlaw.com
                                                                           lmoya@rwsnyderlaw.com

                                                Counsel for Plaintiff ASPECTS
Dated: **December 20, 2022**            FURNITURE INTERNATIONAL, INC.
       Irvine, CA